**Albert Gjergj LJUCOVIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Citizenship & Immigration Services, Respondents.**

**No. 05–0067–ag.**

United States Court of Appeals, Second Circuit.

June 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Albert R. Gonzales *is automatically substituted for* former Attorney General John Ashcroft as a respondent in this case.

Terence G. Hoerman, Detroit, MI, for Petitioner.

Charles T. Miller, United States Attorney for the Southern District of West Virginia, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Albert Gjergj Ljucovic, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Paul DeFonzo's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Although we do not find that all of the IJ's adverse credibility factors are supported by substantial evidence, we need not remand the case because we can confidently predict that the IJ would reach the same conclusion absent the error-infected ground. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Ljucovic's testimony was inconsistent about many of the events that occurred in Montenegro, including whether the military police were shooting at the fleeing Albanians, whether his father was beaten while Ljucovic was in hiding, and whether Ljucovic feared returning to Montenegro because he helped three Albanians escape. The IJ reasonably determined that Ljucovic failed to provide adequate explanations for these inconsistencies. In addition, he failed to corroborate his claims with any documentary evidence. Accordingly, the IJ's adverse credibility finding is supported by substantial evidence, and as a result, the IJ reasonably denied Ljucovic's asylum and withholding of removal claims.

Ljucovic did not make any arguments regarding the denial of his CAT claim in either his brief to the BIA or in his brief to this Court. As a result, Ljucovic's CAT claim is unexhausted, and it is waived. *See* 8 U.S.C. § 1252(d)(1) (governing exhaustion); *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006) (discussing waiver).

We also reject Ljucovic's claim that the BIA denied him due process by deciding his case without opinion. This Court has already determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57

(2d Cir.2004). Ljucovic does not argue that the streamlining procedure was improperly applied to his case; he argues only that the procedure, on its face, violates due process.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).